**KROOTH & ALTMAN, et al., Plaintiffs,**

v.

**NORTH AMERICAN LIFE ASSURANCE COMPANY, et al., Defendants.**

**Civil Action No. 98–1399 SSH.**

United States District Court, District of Columbia.

Feb. 22, 2001.

Kevin T. Blaine, Emmet T. Flood, Williams & Connolly, Washington, DC, for plaintiffs Krooth & Altman, David A. Barsky, Patrick J. Clancy, Daniel Randolph Cole, Jr., William J. Delaney, E. Joseph Knoll, Donald F. Libretta, Michael E. Mazer, James F. Perna, Harrison C. Smith, William S. Tennant.

Robert A. Altman, Washington, DC, for plaintiffs Victor A. Altman, Susan R. Altman, Janet Spragens.

Wayne A. Schrader, Gibson Dunn & Crutcher, Washington, DC, for defendants North American Life Assurance Co., Manufacturers Life Insurance Co.

Cynthia T. Andreason, LeBoeuf Lamb Greene & Macrae, Washington, DC, for defendants Canada Life Assurance Company, Canada Life Insurance Company of America.

*OPINION AND ORDER*

STANLEY S. HARRIS, District Judge.

Before the Court are defendants Canada Life Assurance Company's and Canada Life Assurance Company of America's (collectively "Canada Life") motion to dismiss, plaintiffs' opposition, and defendants' reply thereto.[1] Also before the Court are plaintiffs' Motion To Compel Discovery from the Canada Life Defendants, Canada Life's opposition, and plaintiffs' reply thereto. The Court denies plaintiffs' motion to compel discovery, in light of defendants' reasonable interpretation of the Court's order deferring issuance of a scheduling order until disposition of the pending Motion To Dismiss. Upon consideration of the motion to dismiss, the Court grants the motion to dismiss, but also grants leave for plaintiffs to amend their complaint. Although findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56, *see* Fed.R.Civ.P. 52(a); *Summers v. Department of Justice,* 140 F.3d 1077, 1079–80 (D.C.Cir.1998), the Court nonetheless sets forth its reasoning.

## I. Background

Plaintiff Krooth & Altman is a law partnership based in the District of Columbia; the individual plaintiffs are partners in that law firm. On January 27, 1976, Krooth & Altman entered into a group insurance contract with defendant North American Life Assurance Company ("North American Life") to provide term life insurance, total disability benefits, and accidental death and dismemberment insurance. Effective January 1, 1996, North American Life and defendant Manufacturers Life Insurance Company ("Manulife") merged, with Manulife continuing as the surviving company. Prior to the merger with Manulife, North American Life agreed to transfer its group life insurance business to Canada Life.

Krooth & Altman's policy with North American Life provided that the policy would be renewed automatically upon payment of the premium, and coverage was provided to all even when they retired. In December 1995, North American Life informed Krooth & Altman that it had recently merged with Manulife and that its group policy would terminate on January 31, 1996, but that Canada Life would provide plaintiffs with an offer to continue the insurance. Plaintiffs allege that Canada Life made a series of written and oral representations that the Canada Life policy would offer the same coverage as had the North American Life policy. Relying on those representations, plaintiffs agreed to termination of their coverage under the North American Life policy on January 31, 1996. Plaintiffs allege that sometime after February 1, 1996, they received the Canada Life policy for the first time, but discovered that, in contrast to the North American Life policy, the policy allowed Canada Life to cancel the policy for any reason, and it did not cover employees after they retired. Plaintiffs brought this suit alleging seven counts against all defendants, and an eighth count against just Canada Life: (1) breach of contract, (2) breach of the obligation of good faith and fair dealing, (3) promissory estoppel, (4) equitable estoppel, (5) fraudulent inducement and misrepresentation, (6) negligent misrepresentation, (7) unlawful trade practice, and (8) tortious interference with contract. Plaintiff seeks $1.2 million in compensatory damages, $3.6 million in treble damages, punitive damages of $3.6 million, and reasonable attorneys' fees.

1. The other two defendants, North American Life Assurance Company and Manufacturers Life Insurance Company, do not join in the motion to dismiss.

Canada Life moves to dismiss the complaint, contending that the claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and fail to state a claim under ERISA; alternatively, if the Court determines that the claims are not preempted by ERISA, Canada Life contends that the complaint fails to state a claim under state law.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994); *accord Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint is construed liberally in plaintiffs' favor, and plaintiffs are given the benefit of all inferences that may be derived from the facts alleged. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C.Cir.1997); *Tele-Communications of Key West, Inc. v. United States*, 757 F.2d 1330, 1334–35 (D.C.Cir.1985). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276.

## III. Analysis

As a threshold matter, the Court determines that it need not deny the motion to dismiss or convert the motion to dismiss to a summary judgment motion simply because it refers to materials outside the pleadings; the materials are attached to the motion to dismiss, are referred to in the complaint, and are central to plaintiffs' claims. *See e.g., Sharpe v. National Football League Players Ass'n*, 941 F.Supp. 8, 10 n. 1 (D.D.C.1996); *Venture Associates v. Zenith Data Systems*, 987 F.2d 429, 431 (7th Cir.1993); *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192 (3d Cir. 1993).[2]

### A. ERISA preemption

#### 1. ERISA plan

The Court must first determine that some ERISA plan exists. Plaintiffs contend that the motion to dismiss is premature because further discovery is needed as to whether an "ERISA plan" existed. The Court concludes that the motion to dismiss is not premature. While the complaint does not allege the existence of an ERISA plan, nor is the Court aware of what the full contours of the ERISA plan would be, the complaint does present evidence of an "employee welfare benefit plan" that would be covered by ERISA, by virtue of the North American Life and Canada Life insurance policies. *See Psychiatric Institute of Washington, D.C. v. Connecticut Gen. Life Ins. Co.*, 780 F.Supp. 24, 27 (D.D.C.1992). At a minimum, the North American Life and Canada Life insurance policies qualify as an "employee welfare benefit plan," as defined in 29 U.S.C.A. § 1002(1)(A) ("any plan, fund, or program which was ... established or maintained by an employer .... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (1) ... benefits in the event of sickness, accident, disability, death....").

2. Furthermore, the Court did not rely on most of the documents to make its legal determinations about the ERISA preemption and the legal sufficiency of the claims.

2. **Plaintiffs' status as "employers"**

Plaintiffs assert that ERISA does not preempt their claims because, as partners of the law firm and therefore the "employers," they are not covered by ERISA and would not have standing. The Court recognizes that the purpose of enacting ERISA was not to protect employers, and that a regulation relating to ERISA states that "[a] partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership." 29 C.F.R. § 2510.3-3(c)(2); *Bane v. Ferguson,* 890 F.2d 11, 12 (7th Cir.1989). The Court is further aware of the differing results presented in the caselaw on whether a partner is covered by ERISA. *See Wolk v. Unum Life Ins. of America,* 186 F.3d 352, 356, 356 n. 5 (3d Cir.1999) (citing cases where employers have standing under ERISA and distinguishing cases where employers do not); *Eichhorn, Eichhorn & Link v. Travelers Ins. Co.,* 896 F.Supp. 812, 813-14 (N.D.Ind.1995) (same).

█ Upon consideration of these factors, the policies of ERISA, and, in particular, the plain language of the statute, the Court concludes that the partners in this case, given the terms of the two insurance policies at issue, can be covered by ERISA. To have standing to bring an ERISA lawsuit, a plaintiff must be either a "participant" or a "beneficiary" of an ERISA plan. 29 U.S.C. § 1132(a)(1)(B). While plaintiffs do not qualify as "participants," the Court finds that they qualify as "beneficiaries." A beneficiary is defined as a "person designated by a participant, *or by the terms of an employee benefit plan,* who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8) (emphasis added). The North American Life policy covers any eligible employee, and the policy explicitly states that "[f]or the purpose of this policy, a partner shall be considered to be an Employee of the Employer if he is engaged full-time in the business of the Employer." *See* North American Life policy § 1.3., Ex. A to Canada Life's Mot. To Dismiss. The Canada Life policy, while not as explicit in its terms, provides an insurance schedule for six different classes of individuals, including three different classes of partners. *See* Canada Life policy p. 8, Ex.C. to Canada Life's Mot. To Dismiss. The Court therefore finds that the individual plaintiffs' claims are not, as a matter of course, excluded from ERISA preemption by virtue of their status as employers. *See Wolk.* 186 F.3d at 358 (law firm partner had standing to sue under ERISA); *Prudential Ins. Co. of America v. Doe,* 76 F.3d 206 (8th Cir.1996) (same); *Lain v. UNUM Life Ins. Co. of America,* 27 F.Supp.2d 926 (S.D.Tex.1998) (same); *see also Canada Life Assurance Co. v. Estate Lebowitz,* 185 F.3d 231 (4th Cir.1999) (no dispute that ERISA applied to former law firm partner's plan, which included all employees, partners, and associates).[3] "To hold otherwise, would create the anomaly of requiring some insureds to pursue benefit claims under state law while requiring others covered by the identical policy to proceed under ERISA." *Peterson v. American*

3. If the plans at issue did not include any employees, the Court would find that ERISA does not govern the plan, since a plan that does not include any employees does not qualify as an "employee benefit plan." 29 C.F.R. § 2510.3-3(b). One of the purposes in enacting ERISA was to police against abuses regarding benefit plans held in trust for employees, where employees typically lack control over plan management and input into decisionmaking regarding the plans. *See Robertson v. Alexander Grant & Co.,* 798 F.2d 868, 870-71 (5th Cir.1986). Where, as in this case, a plan includes both employers and employees, the likelihood of abuses is lessened because the employers themselves are included in the plan's coverage.

*Life & Health Ins. Co.*, 48 F.3d 404, 409 (9th Cir.1995).

**3. Whether the claims "relate to" an ERISA plan**

The Court may still conclude, however, that ERISA does not preempt plaintiffs' claims, if the claims do not "relate to" an ERISA plan. Section § 514(a) of ERISA, set forth at 29 U.S.C. § 1144(a), is the general preemption clause of ERISA; in pertinent part, it states that it "should supersede any and all state laws insofar as they may now and hereafter relate to any employee benefit plan described in section 1003." 29 U.S.C. § 1144(a). A participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132.

Plaintiffs assert that they are not seeking to recover benefits or enforce or clarify rights under the plan, but rather that they are seeking redress for defendants' alleged bad conduct which resulted in non-entitlement to benefits from the start. Instead, plaintiffs maintain that their claims relate to incidents that occurred before executing a contract with Canada Life.

The Supreme Court has stated that the ERISA preemption provision was deliberately designed to be expansive. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–6, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). "[A] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). A court may find that the state law relates to a benefit plan "if it affects relations among the principal ERISA entities—the employer, the plan, the fiduciaries, and the beneficiaries. . . ." *Psychiatric Institute of Washington, D.C., Inc. v. Connecticut Gen. Life Ins. Co.*, 780 F.Supp. 24, 29 (D.D.C.1992) (citing *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc.*, 793 F.2d 1456, 1470 (5th Cir.1986)); *Johnson v. Antioch University*, 1992 WL 88028 at *4 (D.D.C.1992) (same). State laws need not be specifically designed to affect employee benefit plans to be preempted. *Pilot Life*, 481 U.S. at 47–48, 107 S.Ct. 1549. Nevertheless, the Supreme Court also has stated that, as for laws of general applications, "[s]ome state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 97–99, 107 S.Ct. 1549.

The Court analyzes each claim to determine whether it is preempted by ERISA. The Court finds that the breach of contract, breach of duty of good faith and fair dealing, and tortious interference with contract claims directly "relate to" the employee benefit plan because such claims presuppose the existence of a contract. *See Psychiatric Institute*, 780 F.Supp. at 28–9 (preempting state law breach of contract claim); *Thayer v. Group Hospitalization and Medical Servs., Inc.*, 674 F.Supp. 924, 925 (D.D.C. 1987) (same). These claims must be dismissed as preempted by ERISA.

The Court also finds that the remaining counts asserting promissory estoppel, equitable estoppel, fraudulent inducement and misrepresentation, negligent misrepresentation, and unlawful trade practice are preempted by ERISA. The Court acknowledges that these claims may rest upon actions that allegedly occurred before the Canada Life policy was entered into by Krooth & Altman—namely, allegedly false representations about what the policy would contain— and that they seek

relief for alleged wrongdoing from the insurer and not from the plan itself. *See Johnson,* 1992 WL 88028 at *5–6 (holding that claims of misrepresentation, gross negligence, and promissory estoppel are not preempted because the alleged misrepresentations occurred prior to the plan formation and plaintiff seeks relief from the insurer and his employer, not from the plan itself). However, considering the broad construction of the preemption provisions, the Court is persuaded that the claims are sufficiently intertwined with the plan, in that the Court must consider what the plan ultimately provided to determine whether the claims have merit. The allegedly false statements were not made by merely one agent of Canada Life, but were purportedly put into writing on behalf of Canada Life in direct reference to the plan. *See Smith v. Dunham–Bush,* 959 F.2d 6, 9 (2d Cir.1992) (preempting claims of breach of contract and negligent misrepresentation where plaintiff relied on oral promise of supplemental benefits before agreeing to be covered by the plan); *Perkins v. Time Ins. Co.,* 898 F.2d 470 (5th Cir.1990) (preempting claims of fraud in the inducement and breach of contract based on incorrect preformation representations about the scope of the plan's coverage); *Culpepper v. Protective Life Ins. Co.,* 938 F.Supp. 794, 801 (M.D.Ala.1996) (preempting claims of fraud in the inducement and negligence where plaintiffs allegedly were told that their benefits would not decrease when they purchased the plan). Furthermore, the claims affect the relations between the "ERISA entities," in the same way that the alleged breach of contract and breach of duty of good faith and fair dealing affect those relations. *See Psychiatric Institute of Washington, D.C.,* 780 F.Supp. at 31 n. 13. In *Psychiatric Institute of Washington, D.C.,* this Court stated that "classifying a breach of contract claim as a federal claim preempted by ERISA and the promissory estoppel claim as a state claim not preempted by ERISA would be neither meaningful nor practical, because claims of equitable estoppel and claims of breach of contract tend to arise together from the same transactions among insurers, employees, and healthcare providers." 780 F.Supp. at 32 n. 13.

While the Court concludes that ERISA preempts plaintiffs' claims, plaintiffs retain the right to amend their complaint. In fact, in their opposition memorandum, plaintiffs request leave to amend their complaint to bring their claims under ERISA, pursuant to Fed.R.Civ.P. 15, in the event the Court finds that ERISA preempts the claims. *See* Pls.' Opp'n at 23 ("There is no doubt that, if ERISA covers these plaintiffs, they can state a number of compelling claims under ERISA."). Canada Life opposes the request.[4] "Leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15. The Court therefore dismisses Counts I through VIII without prejudice, and grants plaintiffs leave to amend their complaint to state ERISA and federal common law claims for which relief may be granted. Accordingly, it hereby is

ORDERED, that plaintiffs' Motion To Compel Discovery from the Canada Life Defendants is denied. It hereby further is

ORDERED, that the motion to dismiss submitted by defendants Canada Life Assurance Company and Canada Life Assurance Company of America is granted with respect to Counts I to VIII. It hereby further is

4. Although defendants provide an analysis as to why plaintiffs' claims do not state claims for relief under ERISA, the Court does not decide that question at this time, given that plaintiffs have not yet had an opportunity to assert claims under ERISA.

ORDERED, that plaintiffs may file an amended complaint on or before March 21, 2001. It hereby further is

ORDERED, that the Court modifies its November 4, 1999, Order, and directs the parties to submit an update to the Joint Report of the Parties, as necessary, within 25 days after defendants' responsive pleading to plaintiffs' amended complaint.

SO ORDERED.