**Yvonne S. BROWN, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. CIV.A.02–300 RMC.**

United States District Court, District of Columbia.

July 9, 2003.

*MEMORANDUM OPINION*

COLLYER, District Judge.

Yvonne S. Brown is an employee in the Food Safety and Inspection Service of the United States Department of Agriculture ("USDA" or "Agency"). In 1994, she complained to USDA's Equal Employment Opportunity ("EEO") office that she was a victim of employment discrimination. That charge was settled through a written Settlement Agreement in May 1998. In April 2000, Ms. Brown complained that the Settlement Agreement had been breached. That complaint was processed by the Office of Civil Rights of USDA and the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), each of which found no breach. Dissatis-

fied with the result, Ms. Brown has filed this lawsuit.

Pending before the Court is a motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This motion has been fully briefed by the parties. For the following reasons, the Court will grant the motion and dismiss the amended complaint with prejudice.

## I. BACKGROUND

On April 13, 1994, Ms. Brown filed an EEO complaint alleging that she had been denied a promotion, training, and other advancement opportunities because of her race (African–American) and in reprisal for prior protected conduct. On May 11, 1998, Ms. Brown and the Agency executed a Settlement Agreement under which she withdrew her 1994 EEO charge and waived all complaints or actions "for any matters involving her employment with the Agency, prior to the signing of this agreement." Def. Mot. to Dismiss Ex. 3. Pursuant to the Settlement Agreement, the Agency agreed to provide a mentor to Ms. Brown, to assist her in formulating a written Career Development Plan ("CDP"), and to provide a detail to a GS–14 position for a period not to exceed 120 days. Each party agreed to "[c]ooperate and communicate in good faith to implement and to abide by the terms of this agreement." *Id.* In addition, the Settlement Agreement specified:

> That if the terms of this agreement are not carried out, through no fault of the Complainant, the Complainant may request enforcement of the terms of the agreement, *or* that the complaint be reinstated at the point at which it was closed by this agreement. This request must be filed within 30 days of the alleged failure to implement this agreement with the Director, Complaint Compliance Division, Office of Civil Rights, USDA .... Thereafter, the processing

> of the alleged breach claim shall be in accordance with 29 CFR Part 1614.

*Id.* (emphasis in original).

In April 2000, Ms. Brown submitted a letter to USDA alleging that the Agency had breached the Settlement Agreement. After reviewing this noncompliance charge, the USDA's Director of the Office of Civil Rights concluded that the Agency was in substantial compliance. Director Rosalind Gray stated:

> It is clear that a formal CDP has not been completed. However, it is not because of the lack of effort by the Agency. Ms. Brown began to delay immediately after her return from leave, and developed a pattern of canceled meetings and lack of initiative to move forward. She identified four particular courses she wanted. The Agency determined the content and provided the same content in other local courses. Ms. Brown refused to accept this action, or provide other options. In fact, the Agency acted to ensure her enrollment by obtaining an extension of the application period, and prepared documents for her. She did not complete them nor discuss any concerns with the Agency.... [W]e find that Ms. Brown has not met her obligation to work in good faith with the Agency on this term.

*Id.* Ex. 5. The USDA decision denying Ms. Brown's charge that the Agency had breached the Settlement Agreement issued on September 14, 2000. She timely appealed to the EEOC, which affirmed the Agency by written decision on November 14, 2001.

Ms. Brown filed her original complaint in this Court on February 15, 2002, based on the discrimination and retaliation allegations in her 1994 EEO charge. Defendants filed a motion to dismiss, arguing that she had settled that charge in 1998. On January 23, 2003, the Court denied the

motion to dismiss and offered Ms. Brown an opportunity to amend her complaint. Ms. Brown filed an amended complaint on February 19, 2003. She now advances three counts: (1) race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq.;* (2) breach of the Settlement Agreement under 42 U.S.C. § 1981; and (3) common law breach of contract for noncompliance with the Settlement Agreement.[1]

## II. LEGAL STANDARDS

■ Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.,* 217 F.Supp.2d 59, 63 (D.D.C.2002). In deciding such a motion, the Court may consider materials outside the pleadings as it deems appropriate to determine whether jurisdiction exists. *See Lockamy v. Truesdale,* 182 F.Supp.2d 26, 30–31 (D.D.C. 2001).

■ A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the other hand, challenges the adequacy of a complaint on its face, testing whether the plaintiff has properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For purposes of Rule 12(b)(6), the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave–*

*Schmidt v. Chao,* 226 F.Supp.2d 191 (D.D.C.2002). *See Krooth & Altman v. North Am. Life Assur. Co.,* 134 F.Supp.2d 96, 99 (D.D.C.2001) ("[T]he Court determines that it need not deny the motion to dismiss or convert the motion to dismiss to a summary judgment motion simply because it refers to materials outside the pleadings; the materials are attached to the motion to dismiss, are referred to in the complaint, and are central to plaintiffs' claims."); *Powe v. City of Chicago,* 1996 WL 99711, at *3 (N.D.Ill. Mar.4, 1996) (considering a settlement agreement that was referenced in, but not attached to, the complaint in ruling on a motion to dismiss).

## III. ANALYSIS

■ The first two counts of the amended complaint are easily resolved. Count One advances race discrimination and retaliation claims under Title VII from 1994. These were the allegations in the original complaint filed in this Court in February 2002. These claims were settled in 1998. The Settlement Agreement constitutes a "full, complete, and final settlement of all concerns raised in the [1994 EEO complaint]" and precludes Ms. Brown in this situation from filing a civil action against the Agency or its officers for any matters involving her employment that occurred "prior to the signing of this agreement." Def. Mot. to Dismiss Ex. 3. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 52, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) ("[P]resumably an employee may waive his cause of action under Title VII as part of a voluntary settlement[.]"). It is true that the Settlement Agreement *did not contain* a total waiver of Ms. Brown's right to sue in federal court. In the event of a breach, it provided that Ms. Brown may request

---

1. The amended complaint actually contains four counts. Count Four is a retaliation claim, which is also included in Count One.

either enforcement of the terms of the settlement or reinstatement of the original EEO charge. Having amended her complaint to allege a breach of the Settlement Agreement, Ms. Brown has made her election and cannot reinstate the 1994 allegations. Therefore, Count One will be dismissed.

■■■ Count Two advances a claim for breach of the Settlement Agreement under 42 U.S.C. § 1981, which states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

In 1991, Congress amended this statute to provide that "[t]he rights protected by this section are protected against impairment by *nongovernmental* discrimination and impairment under color of *State* law." 42 U.S.C. § 1981(c) (emphasis added). This clear statutory language bars Ms. Brown's § 1981 claim against the United States and USDA, since " § 1981(c) does not address [alleged] impairment by the federal government." *Williams v. Glickman,* 936 F.Supp. 1, 3 (D.D.C.1996). *See Davis–Warren Auctioneers, J.V. v. FDIC,* 215 F.3d 1159, 1161 (10th Cir.2000) ("Since Congress amended the statute, the weight of judicial authority has held that § 1981 does not protect against alleged discrimination under color of federal law."); *Graham v. Postmaster General,* 2001 WL 118591, at *3 (N.D.N.Y. Feb.2, 2001) ("[T]he language of Section 1981(c), as amended, very plainly does not include actions taken under color of federal law."). Therefore, Count Two will be dismissed.

■■■ Count Three advances a common law breach of contract claim based on the alleged breach of the Settlement Agreement. Defendants argue that this claim is time-barred because Ms. Brown failed to seek judicial review of the EEOC's denial of her appeal within 90 days. *See* 29 C.F.R. § 1614.407. Ms. Brown responds that she was not required to file suit on the alleged breach of the Settlement Agreement within the 90–day time period, because "[s]uch actions are brought directly under Title VII over which federal courts have subject matter jurisdiction." Pl. Mem. of Pts. and Auth. in Opp. of Def. Mot. to Dismiss at 4 (citing *Sherman v. Standard Rate Data Service, Inc.,* 709 F.Supp. 1433 (N.D.Ill.1989)).

The process for enforcement of the Settlement Agreement was determined at the time of settlement. According to the Settlement Agreement's plain language, any claim for a breach "shall be [processed] in accordance with 29 CFR Part 1614." Def. Mot. to Dismiss Ex. 3. In other words, Ms. Brown and the Agency agreed in 1998 that if the terms of the Settlement Agreement were not carried out to her satisfaction, she was to utilize the administrative system—from the Office of Civil Rights to the EEOC and then the courts—for a remedy. In fact, that is what she did; she exhausted her administrative remedies prior to coming to this Court.

Ms. Brown points out that she filed her original complaint in this action within 90 days of the EEOC denial letter and amended the complaint to add the alleged breach of the Settlement Agreement before Defendants have filed an answer. Thus, she contends, she was timely with the complaint and timely with the amendment. *See* FED. R. CIV. P. 15 ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...."). Un-

der Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]"

The February 2002 complaint alleged only race discrimination from a lost promotion opportunity in 1994. It did not mention or complain about an alleged breach of the Settlement Agreement. The latter was only added to the complaint in February 2003, clearly more than 90 days from receipt of the EEOC denial. The Court finds that these two matters are not sufficiently alike or connected to allow the 2003 amended complaint to relate back to the 2002 complaint, which was filed within the 90-day time period. The original complaint concerns the promotion of a white male in 1994 and the failure of USDA to assure that Ms. Brown had notice of, and an opportunity to be considered for, that position, as well as the training necessary to qualify for it. Count Three of the amended complaint, in contrast, involves the Agency's alleged failure to meet its obligations under the Settlement Agreement after 1998. These two matters do not deal with the same nucleus of facts, time periods, or legal theories. One is a race discrimination claim, the other is for common law breach of contract.

■ Since Ms. Brown did not officially seek judicial review of the EEOC's denial of her breach of contract claim within 90 days, she is bound by the Commission's decision.[2] Therefore, Count Three will be dismissed.

---

2. The time limits set forth in 29 C.F.R. § 1614 are subject to equitable tolling, estoppel, and waiver. *See Bowden v. United States,* 106 F.3d 433 (D.C.Cir.1997). Ms. Brown, however, did not invoke any of these doctrines in her opposition brief and the record shows no basis for tolling.

## IV. CONCLUSION

For these reasons, Defendants' motion to dismiss is granted and the amended complaint is dismissed with prejudice. An order accompanies this memorandum opinion.