## CAROL K. RITTER *vs.* MASSACHUSETTS CASUALTY INSURANCE COMPANY.

Middlesex. January 7, 2003. - April 18, 2003.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Employee Retirement Income Security Act. Federal Preemption. Employment,*
· Employee benefit plan. *Jurisdiction,* Employment security. *Waiver.*
*Constitutional Law,* Standing. *Statute,* Construction. *Words,* "Employee,"
"Employer," "Beneficiary."

This court concluded that the president of a small corporation, in a denial of
disability benefits action, lacked standing to sue under the Federal
Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.
(1994), and, consequently, that her State law claims were not preempted by
that Federal statute, where she was neither a "participant" nor a
"beneficiary" within the meaning of that statute. [215-222]

CIVIL ACTION commenced in the Superior Court Department on
December 27, 1999.

The case was heard by *Peter M. Lauriat,* J., on motions for
summary judgment.

The Supreme Judicial Court granted an application for direct
appellate review.

*S. Stephen Rosenfeld* (*Mala M. Rafik* with him) for the
plaintiff.

*Mark E. Schmidtke* (*Philip M. Howe* with him) for the
defendant.

COWIN, J. We are asked to decide whether the Federal
Employee Retirement Income Security Act (ERISA), 29 U.S.C.
§§ 1001 et seq. (1994), preempts State law claims made by the
president of a small corporation in a denial of benefits suit. We
hold that the plaintiff has no standing to sue under ERISA, and,
consequently, that her State law claims are not preempted by
that Federal statute.

I. *Background.*

The plaintiff, Carol K. Ritter, appeals from the allowance of a motion for summary judgment filed by the defendant, Massachusetts Casualty Insurance Company (insurer). We recite the facts in the light most favorable to Ritter, the nonmoving party. See *Harrison* v. *NetCentric Corp.*, 433 Mass. 465, 468 (2001). Ritter is the founder and former coowner and president of Boston Physical Therapy Associates, Inc. (BPTA), a Massachusetts corporation. Throughout most of Ritter's tenure at BPTA, her brother, Timothy Kaminski, was the other coowner and only other corporate officer. Early in BPTA's history, Ritter and Kaminski together decided that BPTA should offer a benefits package, including health insurance, designed to attract employees. The package included disability insurance for Ritter and Kaminski, but not for BPTA's other employees. In 1991, Ritter and Kaminski applied for and later obtained disability policies from the insurer in order to replace coverage provided by an insurer who had become bankrupt.

In 1992, Ritter was involved in an automobile accident, which left her disabled. The insurer paid benefits as required by its policy until 1998, when it determined that Ritter was no longer disabled and terminated payments. In 1999, Ritter filed a complaint in the Superior Court alleging that the insurer had failed to honor its obligations under the disability policy. In a separate count, Ritter alleged that the insurer's actions amounted to a violation of G. L. c. 93A. Although the insurer answered in a timely fashion, its answer failed to assert that Ritter's claims were preempted by Federal law. Eighteen months later, after discovery was complete, the parties filed cross motions for summary judgment. In its motion, the insurer argued that both of Ritter's claims were preempted by ERISA, and the motion judge allowed its motion for summary judgment on that basis. Ritter appealed, and we granted her application for direct appellate review.

II. *Discussion.*

The motion judge's summary judgment determination that the Ritter's claims are preempted by ERISA is a legal conclusion that we review de novo. See *Santino* v. *Provident Life & Acc. Ins. Co.*, 276 F.3d 772, 774 (6th Cir. 2001); *O'Connor* v. *Commonwealth Gas Co.*, 251 F.3d 262, 266 (1st Cir. 2001).

A. *Statutory Context.*

Congress enacted ERISA to protect the interests of employees in their benefit plans. See *Ingersoll-Rand Co.* v. *McClendon,* 498 U.S. 133, 137 (1990); 29 U.S.C. § 1001. Among its many provisions, ERISA allows participants or beneficiaries to sue to recover benefits due under a covered plan in either Federal or State court. See 29 U.S.C. § 1132. In order to ensure nationwide uniformity, Congress mandated that ERISA (subject to exceptions not relevant here) "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). See *Ingersoll-Rand Co.* v. *McClendon, supra* at 142. This broadly worded provision effectively means that if a claim can be brought under ERISA, it must be brought under ERISA. See *Pilot Life Ins. Co.* v. *Dedeaux,* 481 U.S. 41, 45-46 (1987); *Kelly* v. *Fort Dearborn Life Ins. Co.,* 422 Mass. 15, 16-17 (1996).

ERISA's preemption provision has been the subject of much litigation in the years following its enactment. See generally Shapiro, ERISA Preemption: To Infinity and Beyond and Back Again? (A Historical Review of Supreme Court Jurisprudence), 58 La. L. Rev. 997 (1998). This is hardly surprising, given that a party in an employment benefit suit can sometimes gain a tactical advantage by invoking ERISA's provisions. See *Johnson* v. *Watts Regulator Co.,* 63 F.3d 1129, 1131-1132 (1st Cir. 1995), and cases cited. That advantage can be decisive where, as here, a plaintiff files a complaint asserting only State law claims. A finding of ERISA preemption in such a case will leave nothing to adjudicate, and will generally result in a grant of summary judgment for the defendant. See *Kelly* v. *Fort Dearborn Life Ins. Co., supra* at 16.

B. *Waiver and the ERISA Preemption Defense.*

Before discussing the motion judge's decision, we address a procedural point. The insurer raised the issue of ERISA preemption for the first time in its motion for summary judgment. Ritter failed to object to this late addition,[1] and the motion judge, in turn, treated the matter as a nonwaivable question of subject

---

[1]We infer from the record that, from Ritter's point of view, the injection of ERISA into the case at this stage of the litigation was not a complete surprise. More than one year before filing its motion for summary judgment, the insurer

matter jurisdiction. The judge's jurisdictional analysis was incorrect. Many ERISA claims fall within the exclusive jurisdiction of Federal courts. See 29 U.S.C. § 1132(e)(1). In such cases, a claim of ERISA preemption in a State court is tantamount to a challenge to that court's subject matter jurisdiction, and it may not be waived. See Mass. R. Civ. P. 12 (h) (3), 365 Mass. 754 (1974). ERISA, however, permits concurrent State jurisdiction over a participant or beneficiary's demand for benefits. See 29 U.S.C. § 1132(e)(1). Where such concurrent jurisdiction exists, a finding of ERISA preemption does not remove a case from the jurisdiction of a State court, but only alters the law applied by that court. In these circumstances an ERISA preemption claim is treated as a waivable affirmative defense. See *Central Transp., Inc.* v. *Package Printing Co.*, 429 Mass. 189, 194 (1999); *Wolf* v. *Reliance Standard Life Ins. Co.*, 71 F.3d 444, 446-448 (1st Cir. 1995). It follows that, because this case is a demand for benefits by an alleged ERISA participant, the insurer waived the ERISA preemption defense by failing to include it in its answer. However, because Ritter did not argue below that the inclusion of the ERISA defense was untimely; because it would have been within the motion judge's discretion to allow the insurer, if requested, to amend its answer to include the defense, see Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974); and because the summary judgment motion was decided as if such an amendment had been allowed, we consider the argument on the merits.

C. *ERISA Preemption.*

Ritter contends that ERISA is inapplicable to her suit because she has no standing to sue under it, and because ERISA's provisions do not apply to her insurance policy. We agree that Ritter lacks such standing and it is thus unnecessary to reach the question of ERISA's applicability to the disputed policy.

ERISA preempts State law only when a party with standing to sue under ERISA makes a claim. See *Agrawal* v. *Paul Revere Life Ins. Co.*, 205 F.3d 297, 302 (6th Cir. 2000); *Weaver* v. *Employers Underwriters, Inc.*, 13 F.3d 172, 177 (5th Cir.), cert. denied, 511 U.S. 1129 (1994), and cases cited. In order to sue

revealed during discovery that it was seeking evidence to support a potential ERISA defense.

to recover benefits under ERISA, a private party must be a "participant or beneficiary" of an employee benefit plan. See 29 U.S.C. § 1132(a)(1)(B). We conclude that Ritter is neither a participant nor a beneficiary within the meaning of ERISA.

We first address the insurer's contention that Ritter is an ERISA participant. A participant, under ERISA, is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). As there is no evidence in the record that Ritter is, or ever was, a member of an employee organization, to be a participant she must be an "employee or former employee."

The term "employee" also has a statutory meaning: "any individual employed by an employer." 29 U.S.C. § 1002(6). While this circular definition says little about who *is* entitled to employee status under ERISA, see *Nationwide Mut. Ins. Co.* v. *Darden*, 503 U.S. 318, 323 (1992), it does provide guidance as to who *is not* so entitled; an "employer" cannot be an "employee." See *Kwatcher* v. *Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957, 959 (1st Cir. 1989) (" 'Employee' and 'employer' are plainly meant to be separate animals . . .").[2] Accord *In re Watson*, 161 F.3d 593, 596-597 (9th Cir. 1998); *Matinchek* v. *John Alden Life Ins. Co.*, 93 F.3d 96, 101 (3d Cir.1996);

---

[2]The insurer argues that the holding in *Kwatcher* v. *Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957 (1st Cir. 1989), that an ERISA employer cannot be an ERISA employee was overruled by *Nationwide Mut. Ins. Co.* v. *Darden*, 503 U.S. 318 (1992). Accord *Madonia* v. *Blue Cross & Blue Shield of Va.*, 11 F.3d 444, 449 (4th Cir. 1993), cert. denied, 511 U.S. 1019 (1994). We disagree. In the *Darden* case, the Supreme Court of the United States applied common-law agency principles to supplement ERISA's statutory "employee" definition because it determined that 29 U.S.C. § 1002(6) (1994) provided no guidance for distinguishing an independent contractor from an employee. See *id.* at 321-324. The *Darden* case, however, did not involve the employer-employee dichotomy at issue here. As the United States Court of Appeals for the Ninth Circuit pointed out, the common law of agency, designed to govern relationships between two separate individuals, sheds no light on whether ERISA allows for "dual status" employer-employees. See *In re Watson*, 161 F.3d 593, 597 (9th Cir. 1998). It follows that the *Darden* Court's use of agency principles in the independent contractor

*Meredith* v. *Time Ins. Co.,* 980 F.2d 352, 356 (5th Cir. 1993); *Fugarino* v. *Hartford Life & Acc. Ins. Co.,* 969 F.2d 178, 186 (6th Cir. 1992), cert. denied, 507 U.S. 966 (1993); *Giardono* v. *Jones,* 867 F.2d 409, 411 (7th Cir. 1989). The participant half of the standing equation thus turns on the question of Ritter's status as an ERISA employer: if Ritter is, as she maintains, an employer, then she is not an employee; and if she is not an employee, she cannot be an ERISA participant.[3]

We must therefore decide whether Ritter is an employer within the meaning of ERISA. Once again, we begin with the statutory definition. Under ERISA, an employer is "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5). There is disagreement among the circuits of the United States Court of Appeals concerning whether an individual can act directly as an ERISA employer in the corporate context. Some hold that, once the decision to incorporate has been made, the individuals who make up that corporation lose the ability to act directly as ERISA employers. See *Sipma* v. *Massachusetts Cas. Ins. Co.,* 256 F.3d 1006, 1010 (10th Cir. 2001); *Madonia* v. *Blue Cross & Blue Shield of Va.,* 11 F.3d 444, 450 (4th Cir. 1993), cert. denied, 511 U.S. 1019 (1994) ("When self-employed individuals elect to incorporate and the corporation employs others, there is simply no basis in ERISA for disregarding the corporate form"). The United States Court of Appeals for the First Circuit, however, looks behind the corporate form to determine whether a particular individual is an "employer" as a matter of "economic reality." *Kwatcher* v. *Massachusetts Serv. Employees Pension Fund, supra* at 960.

We conclude that the interpretation of the *Kwatcher* court most closely follows the language of ERISA. According to

context cannot be read to affect the *Kwatcher* court's holding, based on the wording of § 1002(6), that the same person cannot simultaneously be employer and an employee under ERISA.

[3] The insurer argues that Ritter should be estopped from arguing that she is an employer for ERISA purposes because she failed to dispute its assertion that she was an "employee of Boston Physical Therapy Associates, Inc.," on the submitted list of undisputed facts. It is clear from the context of that admission, however, that Ritter intended only to acknowledge the fact that she was on BPTA's payroll. There is no indication in the record below that Ritter ever conceded that she had standing to sue under ERISA.

§ 1002(5), an individual may gain ERISA employer status either by functioning "directly as an employer," or "indirectly in the interest of an employer." This language necessarily extends the reach of § 1002(5) beyond the corporate veil. While a corporation certainly acts directly as an employer when it purchases a benefit plan for its employees, it cannot do so unless individuals act indirectly in its interest. After all, while a corporation may be an independent legal entity, it is still incapable of independent thought; all corporate decisions must be made by individuals. As the *Kwatcher* court explained, "when an individual dominates the actions of a corporate entity . . . it seems fair to acknowledge the actuality of the situation: such an individual assuredly acts 'in the interest of' the corporation. He is thus subject to classification as an 'employer.' " *Id.* at 960. Accord *Bannistor* v. *Ullman*, 287 F.3d 394, 406-407 (5th Cir. 2002) (chief executive officer and chief financial officer who were ultimately responsible for benefit plan acted "in interest of" corporation and were ERISA employers); *McDowell* v. *Krawchison*, 125 F.3d 954, 961 (6th Cir. 1997) (sole shareholder who obtained insurance plan for employees acted "in interest of" corporate employer and fell within scope of § 1002[5]).

In this case, the record indicates that Ritter, the founder, president, and coowner of BPTA, was instrumental in determining that corporation's benefits decisions. Together with her brother, the other coowner, Ritter decided that BPTA should purchase an insurance benefits plan to attract new employees and, in addition, determined which benefits the plan would provide. We hold that, in making these decisions, Ritter acted "in the interest of" BPTA, making her an ERISA "employer" as a matter of economic reality.[4] See *Kwatcher* v. *Massachusetts Serv. Employees Pension Fund, supra* at 960. It follows that, because Ritter is an ERISA employer, she cannot also be an ERISA participant.

Nor can we say that Ritter is an ERISA beneficiary. Under

---

[4]The United States Court of Appeals for the First Circuit did not decide precisely how much decision-making power is required to transform an individual into an ERISA employer. See *Kwatcher* v. *Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957, 960 n.4 (1st Cir. 1989). The facts of this case do not require us to provide an answer, and the question remains open.

ERISA, "[t]he term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The insurer urges us to accept the conclusion of a number of circuits of the United States Court of Appeals that any person, even an employer, may sue as an ERISA beneficiary so long as he or she is specified as a benefit recipient by the terms of the plan itself. See *Gilbert* v. *Alta Health & Life Ins. Co.*, 276 F.3d 1292, 1302 (11th Cir. 2001); *Wolk* v. *UNUM Life Ins.*, 186 F.3d 352, 357 (3d Cir. 1999), cert. denied, 528 U.S. 1076 (2000); *Robinson* v. *Linomaz*, 58 F.3d 365, 370 (8th Cir. 1995); *Peterson* v. *American Life & Health Ins. Co.*, 48 F.3d 404, 408-409 (9th Cir.), cert. denied, 516 U.S. 942 (1995).

Although this result can be supported by a strictly literal reading of § 1002(8), we nevertheless decline to accept it. While it is undisputed that "[a]bsent a clearly expressed legislative intention to the contrary, [statutory] language must ordinarily be regarded as conclusive," *Kaiser Aluminum & Chem. Corp.* v. *Bonjorno*, 494 U.S. 827, 835 (1990), quoting *Consumer Prod. Safety Comm'n* v. *GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980), it is nevertheless a "cardinal principle of statutory construction that courts must give effect, if possible, to every clause and word of a statute," *Williams* v. *Taylor*, 529 U.S. 362, 364 (2000). The insurer's interpretation would violate this principle. Congress granted standing to sue under ERISA to both the "participants" *and* "beneficiaries" of an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B). Because all plan "participants," by definition, "[are] or may become eligible to receive a benefit of any type from an employee benefit plan," 29 U.S.C. § 1002(7), if the term "beneficiary" were read to include every person eligible to receive benefits under the terms of a benefit plan, then the class of ERISA "beneficiaries" would essentially swallow the class of ERISA "participants." The insurer's construction would therefore render superfluous Congress's grant of ERISA standing to both classes. Had Congress actually intended the class of ERISA beneficiaries to be as broad as the insurer supposes, it would not have drafted § 1132(a)(1)(B) to grant standing to participants as well as beneficiaries; the word "beneficiary" alone would have sufficed.

In addition, an expansive reading of the definition of beneficiary would be inconsistent with Congress's use of the word in other sections of ERISA, sections that indicate that a beneficiary must be related in some fashion to a participant. See, e.g., 29 U.S.C. § 1001(b) (declaring Congress's intent to protect "the interests of participants in employee benefit plans and their beneficiaries"); 29 U.S.C. § 1002(1) (defining "employee welfare benefit plan" as plan established or maintained "for the purpose of providing for its participants or their beneficiaries").

This case does not require us to define the outer boundaries of the class of ERISA beneficiaries. We do, however, join with the United States Court of Appeals for the First and Sixth Circuits in concluding that an employer has no more standing to sue under ERISA as a plan beneficiary than as a plan participant. See *State Street Bank & Trust Co.* v. *Denman Tire Corp.*, 240 F.3d 83, 88 (1st Cir. 2001); *Agrawal* v. *Paul Revere Life Ins. Co.*, 205 F.3d 297, 302 (6th Cir. 2000). Although our holding does require employers to pursue claims under State law while employees pursue claims under ERISA, see *Wolk* v. *UNUM Life Ins., supra* at 357, this is hardly an anomalous result considering that ERISA was designed primarily to protect "the interests of *employees* and their beneficiaries in employee benefit plans" (emphasis added). *Ingersoll-Rand Co.* v. *McClendon*, 498 U.S. 133, 137 (1990), quoting *Shaw* v. *Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). See 29 U.S.C. § 1001.

III. *Conclusion.*

Because Ritter had no standing to sue under ERISA, her State law claims were not preempted and the insurer was not entitled to summary judgment. We therefore vacate the entry of summary judgment and remand this case to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*