David M. BECK, David L. Higgs, and Rodney W. Young, Plaintiffs,

v.

PLYMOUTH COUNTY SUPERIOR COURT, et al., Defendants.

Civil Action No. 06–11721–NMG.

United States District Court, D. Massachusetts.

Aug. 17, 2007.

204

David M. Beck, Hull, MA, Pro se.

David L. Higgs, Weymouth, MA, Pro se.

Rodney W. Young, Hull, MA, Pro se.

Maite A. Parsi, Attorney General's Office, Government Bureau/Trial Division One, Mark P. Sutliff, Attorney General's Office, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

A group of plaintiffs, proceeding *pro se,* have filed suit pursuant to 42 U.S.C. § 1983 against three separate courts of the Commonwealth as well as judges, court officers and prosecutors for alleged violation of their civil rights. The defendants have filed a motion to dismiss which is opposed by the plaintiffs. The motion is resolved as follows.

## I. *Background*

### A. Procedural History

On September 25, 2006, Plaintiffs David Beck ("Beck"), David L. Higgs ("Higgs") and Rodney W. Young ("Young") (collectively, "the plaintiffs"), brought this action against Plymouth County Superior Court ("PCSC"), Richard J. Chin ("Chin"), Linda E. Giles ("Giles"), Clerk(s) John Doe(s), John Doe, Massachusetts Appeals Court ("Appeals Court"), R. Marc Kantrowitz ("Kantrowitz"), Gilbert P. Lima, Jr. ("Lima"), the Supreme Judicial Court of Massachusetts ("the SJC"), Margaret H. Marshall ("Marshall"), Thomas F. Reilly ("Reilly") and Kurt N. Schwartz ("Schwartz") (collectively, "the defendants"). All of the individual defendants, except John Doe(s), are being sued in their official capacities. Defendants Chin, Giles, Lima, Clerk(s) John Doe(s), John Doe and Schwartz are also being sued in their individual capacities.

The defendants filed a motion to dismiss on October 30, 2006, and the plaintiffs filed an opposition to that motion on December 1, 2006. A scheduling conference in this matter was conducted on June 28, 2007, at which time the Court heard brief oral argument on the motion to dismiss. The Court directed the defendants to file a supplemental memorandum in support of their motion to dismiss, which was submitted on July 6, 2007. The plaintiffs then filed a motion for leave to submit a reply brief, which was allowed, and the memorandum was filed on July 24, 2007.

### B. Factual Background

This case arises from an unsuccessful lawsuit filed by the plaintiffs in state court. The plaintiffs brought that action in Plymouth Superior Court against several Town of Plymouth school officials whom they alleged conspired to defame the plaintiffs for "blowing the whistle" on fiscal fraud with respect to the South Shore Charter School. The defendants in that case successfully moved for summary judgment and the plaintiffs lost their subsequent appeals in the Massachusetts Appeals Court and the SJC. The plaintiffs further requested that the Massachusetts Attorney General bring criminal charges against certain Town officials but the state prosecutors declined to do so.

The plaintiffs now bring this action against all of the courts, judges and prosecutors involved in the state proceedings for their failure to rule in the plaintiffs' favor or to prosecute the plaintiffs' criminal complaint. The complaint in this case alleges, in essence, that judges, clerks and prosecutors at every level of the state judicial system conspired to deprive the plaintiffs of their civil rights by ruling against them at every turn.

The defendants, jointly represented by the Office of the Attorney General, have moved to dismiss the claims on the grounds that 1) the Court should abstain from jurisdiction based on the *Rooker–Feldman* doctrine, 2) the judicial defendants are protected by absolute judicial immunity and 3) the prosecutors are protected by quasi-judicial and prosecutorial immunity. The immunity defense will be considered first.

## II. *Analysis*

### A. Legal Standard

A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Judge v. City of Lowell,* 160 F.3d 67, 72 (1st Cir.1998)(quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208.

### B. Judicial Immunity

■ Absolute immunity from civil liability applies to any judicial officer for any normal and routine judicial act. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judges of courts of general jurisdiction are, therefore, not liable in a civil action for damages arising from their judicial actions. *Id.* This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding or how malicious the motive. *Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

■ The only exception occurs where a court acts "in the clear absence of all jurisdiction". *Malachowski v. City of Keene,* 787 F.2d 704, 710 (1st Cir.1986). There are no allegations in this case that the judges or clerks in question were acting outside their jurisdictional authority. Rather, all of the alleged acts occurred within the jurisdiction of the respective courts of the judicial defendants. The complaint, therefore, will be dismissed with respect to all of the judges, clerks and courts named in the complaint.

### C. Quasi–Judicial Immunity

■ The principles of judicial immunity discussed above also extend to prosecutors. Prosecutors are immune from litigation for those activities closely related to the judicial phase of criminal proceedings for actions that are within the scope of their prosecutorial duties. *Imbler v. Pachtman,* 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The decision whether or not to initiate a prosecution is such an activity. *See id.* at 430, 96 S.Ct. 984.

■ The allegation against the prosecutors in this case is that they declined to initiate an investigation or prosecution at the request of the plaintiffs. That decision is within the discretion of the prosecutors and falls within the scope of protected activity. The case against the prosecutors will, therefore, be dismissed.

### D. *Rooker–Feldman* Abstention

■ Under the so-called *Rooker–Feldman* doctrine, federal district courts may not entertain suits brought by unsuccessful litigants in state-court actions to correct alleged legal errors committed therein. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,*

460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). The doctrine bars a losing party in state court from seeking what would be, in essence, appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights. *Johnson v. DeGrandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). Moreover, pursuant to 28 U.S.C. § 1257, the Supreme Court of the United States has exclusive jurisdiction over appeals from final state-court judgments.

■ This case falls within the *Rooker–Feldman* doctrine because the plaintiffs seek relief from a state court judgment for alleged legal error committed by the state court. The essence of the plaintiffs' claim is that Judge Chin, in his summary judgment opinion, materially misstated or omitted key portions of the factual record. While the plaintiffs insist that their case is based on extrinsic fraud, they offer no evidence of such fraud apart from Judge Chin's opinion itself.

■ The appellate courts of the Commonwealth conduct de *novo* review of a grant of summary judgment by the trial court and may review the factual record independently, unlike an appeal from a trial in which the determination of factual disputes is left to a jury. *See Matthews v. Ocean Spray Cranberries, Inc.,* 426 Mass. 122, 123 n. 1, 686 N.E.2d 1303 (1997); *Ritter v. Mass. Cas. Ins. Co.,* 439 Mass. 214, 215, 786 N.E.2d 817 (2003). The relief sought by the plaintiffs in the instant action could have been, and was, pursued in the appellate courts of the Commonwealth. No principle prevents state appellate courts from reviewing the factual record de *novo* and correcting any material errors committed by Judge Chin, regardless of whether such alleged errors were the product of a fraudulent scheme or simple carelessness on the part of the judge or his staff.

In opposition to the motion to dismiss, the plaintiffs rely heavily on a case from the Ninth Circuit, *Kougasian v. TMSL, Inc.,* 359 F.3d 1136 (9th Cir.2004), in which the Circuit Court of Appeals held that the losing party in a state civil action could bring a subsequent action in federal court against an adverse party when the state judgment had been obtained by extrinsic fraud. The defendant in that case, TMSL, Inc. ("TMSL"), had also been the defendant in the state court proceeding. The Ninth Circuit held that the plaintiff could pursue an action for fraud against TMSL based on evidence that TMSL had fraudulently induced the state court to rule in its favor. *See id.* at 1141–42.

The distinction between *Kougasian* (which is, of course, not binding on this Court in any event) and this case is that the plaintiff in *Kougasian* did not attempt to sue the state courts to correct alleged errors committed by those courts. Rather, the plaintiff sued the original defendant for fraudulently influencing a state court judgment. Under the logic of *Kougasian,* if the plaintiffs in this case had evidence that the Town of Plymouth school officials, who were the defendants in the state proceeding, had fraudulently induced the state courts to rule in their favor, they could bring an action for fraud against those defendants. *Kougasian,* however, does not stand for the proposition that a party which loses in state court can sue the judge to obtain appellate review in federal court, even if the state court judgment had been procured by fraudulent means.

Furthermore, even supposing that the plaintiffs were permitted to sue the state court officials named as defendants in this lawsuit, they have not alleged facts necessary to sustain an action for fraud. Pursuant to Fed.R.Civ.P. 9(b), fraud must be

pled with particularity. While in the view of the plaintiffs the signs of third-party intrusion in the judicial process are "crystal clear", those signs are opaque to this Court.

Despite the plaintiffs' insistence that their action is founded on extrinsic fraud, the only factual allegation offered to support such a theory is that Judge Chin's decision contained so many errors that it must have been the result of fraud. In other words, the only evidence of fraud is entirely *intrinsic* to the state court decision. At the most recent hearing, the plaintiffs made a veiled reference to an unnamed informant operating within the state court system who has purportedly informed them that Judge Chin was duped by his own clerks. Without greater particularity, however, the plaintiffs' complaint fails to state a claim for fraud. *See Mooney v. Boli*, 2007 WL 781973, *4 (N.D.Cal. March 13, 2007) (dismissing claim as barred by *Rooker–Feldman* doctrine where plaintiff failed to allege extrinsic fraud with sufficient particularity).

### E. Motion to Stay

The defendants in this case have also filed a motion to stay discovery pending resolution of their motion to dismiss (Docket No. 28). Because the Court will allow the motion to dismiss, the motion to stay will be denied as moot.

### ORDER

In accordance with the foregoing, the defendants' motion to dismiss (Docket No. 9)is **ALLOWED** and the action is **DISMISSED**.

The defendants' motion to stay (Docket No. 28) is **DENIED as moot.**

**So ordered.**