NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-931

DEUTSCHE BANK NATIONAL TRUST COMPANY, trustee,[1]

vs.

GRACE RUNGU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal relates to a postforeclosure eviction.  The defendant, Grace Rungu (Rungu) is the former owner of a residential property of which the plaintiff, Deutsche Bank National Trust Company (Deutsche Bank), trustee, is now the record owner.  After a series of cross motions for summary judgment, a judge of the Housing Court awarded possession and use and occupancy payments to Deutsche Bank.  In Rungu's pro se appeal, she makes several claims including that the judge of the Housing Court erred in granting summary judgment in favor of Deutsche Bank.  Finding no error, we affirm.

Background.  In March of 2004, Rungu's husband, Norman Emond, as the surviving joint tenant, became the sole owner of a

---

[1] For Morgan Stanley Home Equity Loan Trust 2006-03, Mortgage Pass Through Certificates, Series 2006-3.

two-family home located at 44-46 Keene Street in the city of Lowell (the property).  In June of 2004, Emond borrowed approximately $185,000 from Optima Mortgage Corporation that was secured by a mortgage granted to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Optima Mortgage Corp.  Prior to his death in 2005, Norman Emond was in default on the mortgage loan.  Rungu purchased the property at foreclosure, signing a mortgage in 2006 for approximately $210,800.[2]  For about three years Rungu, for the most part, was able to pay the mortgage.  Unfortunately, she then experienced financial difficulties and completely stopped paying the mortgage in 2009.  That same year, Rungu's loan was assigned to Deutsche Bank.  In 2017 Deutsche Bank sent notice to Rungu pursuant to G. L. c. 244, § 35A, to cure her default and information about her right to seek modification of the loan.  Rungu did not cure the default and did not modify her monthly payments and in 2018 Deutsch Bank pursued foreclosure.  At the foreclosure sale, Deutsch Bank was the highest bidder and purchased the property for approximately $300,000.  Deutsche

---

[2] In her answers to interrogatories, Rungu denies that she bid on the property and claims that her attorney at the time committed fraud and signed her name.  In the statement of facts contained in her brief, however, she states that she signed the mortgage and note.

Bank then commenced this action in the Housing Court for possession and use and occupancy payments.

Discussion.  On appeal, Rungu presents eight arguments with several sub-arguments and then attempts to preserve another eighteen arguments for "future argument."  We note at the outset that the defendant, while acting pro se, is still required to abide by the Massachusetts Rules of Appellate Procedure and is held to the same standard as litigants represented by counsel. See Maza v. Commonwealth, 423 Mass. 1006, 1006 (1996).  While we have offered some leniency to Rungu in her filings, her brief does not come close to presenting an acceptable appellate argument -- it does not contain one citation to the record appendix, the record appendix is mostly unnumbered, and her brief does not comply with page limitations, to mention just a few.  Her failure to substantially comply with the rules of appellate procedure leaves us in a position that we are unable to analyze most of her arguments.  We are not required to consider appellate arguments that fall below a minimal quality of competent legal argument.  See Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993); Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).  As a result, we are lacking both a factual basis and legal argument with citations to the record and authorities to permit meaningful appellate review of most of the issues raised on appeal.

However, given her pro se status, we have reviewed the entire record and arguments in order to determine whether we can address any of the arguments raised on appeal. There are only two claims that Rungu has arguably presented sufficient legal authority and evidence to be addressed: first, whether the judge erred by failing to apply the correct standard for summary judgment and second, whether the judge erred in relying upon the affidavit of Melaney Atencio, the eviction manager at Deutsche Bank. We address each in turn.

1. Summary Judgement standard. We review a decision to grant summary judgment de novo. Ritter v. Massachusetts Cas. Ins. Co., 439 Mass. 214, 215 (2003). We look to see whether when "viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).

Rungu claims that the judge erred by deciding disputed issues of material facts. This claim fails because at least in part, it relies upon an affidavit that was properly stricken from the record as it was filed with the court after the close of the hearing. Rungu makes no argument that striking the affidavit constituted an abuse of discretion. Therefore, the only "disputed" facts are Rungu's own self-contradictory statements and affidavits, which are insufficient to survive

4

summary judgment.  The nonmoving party cannot defeat a motion for summary judgment by submitting self-contradicting affidavits because they are insufficient as a matter of law to create a genuine issue of material fact.  See Locator Servs. Group Ltd. v. Treasurer & Receiver Gen., 443 Mass. 837, 864 (2005).

Finally, that some facts are in dispute will not defeat a motion for summary judgment.  "The point is that the disputed facts must be material."  Janzabar, Inc. v. David Crystal, Inc., 82 Mass. App. Ct. 648, 649 (2012), quoting Hudson v. Commissioner of Correction, 431 Mass. 1, 5 (2000).  Rungu has not made that showing here.

2.  Atencio affidavit.  The defendant claims that summary judgment should not have entered in favor of the plaintiff because Melaney Atencio's affidavit (the eviction manager for the loan servicer for Deutsche Bank), failed to attest to personal knowledge of the facts contained in her affidavit and instead averred that certain facts were "upon information and belief."  Rungu is correct that Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974), requires that an affidavit submitted in support of summary judgment must be based upon personal knowledge of facts that would be admissible in evidence.  "A useful rough test for evaluating the evidentiary sufficiency of an affidavit is simply:  If the affiant were in court, testifying word-for-word in accordance with the contents of the

5

affidavit, would the judge sustain an objection on any ground whatsoever?  If the answer is 'Yes' or even 'Probably' the affidavit is at risk."  J.W. Smith & H.B. Zobel, Rules Practice § 56.6, at 281 (Supp. 2022-2023).

First, we note that the proper procedure would have been for Rungu to have filed a motion to strike the affidavit.  See Fowles v. Lingos, 30 Mass. App. Ct. 435, 439-440 (1991).  Second, and the reason that Rungu's argument cannot succeed, is that when read in its entirety, the affidavit states that Atencio had personal knowledge of the information provided in the affidavit as she was the eviction manager for Deutsche Bank's servicer and was familiar with the documents that she attached to the affidavit.  See First Nat'l Bank of Cape Cod v. North Adams Hoosac Sav. Bank, 7 Mass. App. Ct. 790, 793-794 (1979).  There was no error by the judge as her affidavit was sufficient.  For these reasons, we affirm the judgments.

Judgments affirmed.

By the Court (Milkey, Walsh & Smyth, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  June 9, 2023.

---

[3] The panelists are listed in order of seniority.

6