O'KEEFFE vs. DWYER & DUDDY, P.C., 100 Mass. App. Ct. 671

 
 ANN M. O'KEEFFE vs. DWYER & DUDDY, P.C., & another. [Note 1]

100 Mass. App. Ct. 671
 December 8, 2021 - January 31, 2022

Court Below: Superior Court, Norfolk County
Present: Milkey, Blake, & Grant, JJ.

 

Attorney at Law, Malpractice, Attorney-client relationship. Labor, Fair representation by union, Collective bargaining. Damages, Fair representation by union. Employment, Termination. School and School Committee, Termination of employment, Arbitration. Arbitration. Education Reform Act.

In a civil action for legal malpractice brought by the plaintiff public school teacher against the defendants (the law firm and an individual attorney serving as legal counsel to the plaintiff's union) for failing to timely demand arbitration in an employment termination proceeding, a Superior Court judge properly granted summary judgment in favor of the defendants, where the actions that the defendants took, as agents of the union, could not make them liable for the union's breach of the duty of fair representation. [674-677] 

CIVIL ACTION commenced in the Superior Court Department on May 18, 2017. 

 The case was heard by Rosalind H. Miller, J., on a motion for summary judgment. 

Joseph L. Doherty, Jr., for the plaintiff.

Peter F. Carr, II, for the defendants.

 BLAKE, J. The question presented in this appeal, which arises out of a legal malpractice action, is whether a union's agents are liable for the union's breach of the duty of fair representation. Concluding that they are not, we affirm the Superior Court judge's grant of summary judgment in favor of the defendants.

 Background. "We summarize the undisputed facts drawn from the summary judgment record; to the extent the record includes disputed evidence, we consider that evidence in the light most favorable to [the nonmoving party]." Cesso v. Todd, 92 Mass. App. Ct. 131, 132 (2017), citing Ritter v. Massachusetts Cas. Ins. Co., 439 Mass. 214, 215 (2003). We also summarize the procedural history of this dispute at arbitration and in administrative proceedings, noting where relevant any factual disputes, none of which are material to the outcome on appeal.

 Page 672 

 The defendants, Dwyer & Duddy, P.C., and attorney Christina C. Duddy (collectively, union counsel), are legal counsel to the Boston Teachers Union (union). The plaintiff (grievant) was a tenured teacher and a member of the bargaining unit. Union counsel and the union followed a discrete protocol governing the filing of arbitration demands when the union agreed to take a case of a teacher termination [Note 2] to either contractual or statutory arbitration. See the Education Reform Act (ERA or act), G. L. c. 71, § 42. Union counsel was authorized to demand arbitration only when directed to do so by the union leadership, in writing.

 On October 2, 2014, the grievant was notified that she was terminated from the Boston public schools, effective September 25, 2014, for failing to provide medical documentation to support her request for a leave of absence. On October 16, 2014, the union filed a step III grievance on the grievant's behalf. On October 20, 2014, the union engaged union counsel to investigate the grievant's "dismissal termination/resignation." The union authorized union counsel to pursue a settlement. There were facts in dispute as to whether union counsel was authorized to file for arbitration. The union claimed it authorized counsel to "submit the [grievant's dismissal or termination] to arbitration." [Note 3] On May 4, 2015, union counsel filed a demand for arbitration under the ERA, for "[t]ermination of [the grievant], a teacher with professional status, without just cause." An arbitrator denied the grievance, finding it was "not procedurally arbitrable" because it was untimely filed.

 Thereafter, the grievant filed a charge of prohibited practice with the Department of Labor Relations (department), pursuant to § 10 of the Massachusetts Labor Relations Act (MLRA), G. L. c. 150E, contending that the union had breached its duty of fair representation by failing to timely demand arbitration. A department investigator found probable cause to believe that a violation had occurred, and the complaint of prohibited practice issued. A department hearing officer presided over a five-day

 Page 673 

 hearing. Citing the ERA, the union argued that it did not have a duty of fair representation with respect to teacher arbitrations under the act, because a teacher's statutory right to arbitration is not guaranteed by G. L. c. 150E, and is independent of the collective bargaining process. Alternatively, the union argued that it had satisfied any duty it may have owed to the grievant. The hearing officer found that although the arbitration was filed under the ERA, and not the collective bargaining agreement (CBA), [Note 4] the union had assumed the duty of fair representation because it agreed to arbitrate the grievant's termination, and that this duty was assumed during the thirty-day timeframe for demanding arbitration. The hearing officer further found that, by failing to file the grievance in a timely manner, the union had breached its duty of fair representation. Neither party to the present appeal sought to relitigate the substance of these findings or rulings in the trial court or on appeal. 

 As to the merits of the prohibited practice charge, the hearing officer ruled that the grievant would have been successful in reversing her dismissal and would have been reinstated, but for the untimely filed arbitration demand. The hearing officer imputed to the union the conduct of union counsel as agents of the union. The hearing officer found that "no attorney-client relationship exists between the [union counsel] handling an arbitration and the grievant." The department ordered the union to make the grievant whole, but restricted the remedy to wages and contractual benefits lost between her September 25, 2014 termination and March 16, 2015. This restriction was based on the factual finding that the grievant would not have returned to work. [Note 5] No appeal was filed from the hearing officer's decision.

 The grievant filed suit in the Superior Court alleging legal malpractice against union counsel due to the untimely filing of the arbitration demand. Union counsel moved for summary judgment, contending that they never had an attorney-client relationship with the grievant, and, alternatively, that the grievant was unable to establish recoverable damages due to the award issued by the department. After a hearing, a Superior Court judge allowed the motion, concluding that no attorney-client relationship

 Page 674 

 existed; judgment entered in favor of union counsel. This appeal followed. 

 Discussion. "We review a motion for summary judgment de novo. . . . In doing so, we must determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law.'" Psychemedics Corp. v. Boston, 486 Mass. 724, 731 (2021), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). The question here is whether union counsel, as an agent of the union, is liable for the union's breach of its duty of fair representation. The grievant concedes that there was no express attorney-client relationship with union counsel, [Note 6] but rather argues that there was an implied attorney-client relationship, [Note 7] and therefore there was a material question of fact that precluded the entry of summary judgment. 

 "A union has a duty to represent its members fairly in connection with issues that arise under a [CBA]." National Ass'n of Gov't Employees v. Labor Relations Comm'n, 38 Mass. App. Ct. 611, 613 (1995). A "[b]reach of the duty of fair representation occurs if a union's actions toward an employee are 'arbitrary, discriminatory, or in bad faith.'" Graham v. Quincy Food Serv. Employees Ass'n & Hosp., Library & Pub. Employees Union, 407 Mass. 601, 606 (1990), quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967). The duty stems from the union's role as the exclusive representative of employees whose individual workplace interests and rights have been relinquished or subordinated to their collective interests. See Vaca, supra at 182. And while the ERA [Note 8] permits teachers, like the grievant, to demand arbitration either 

 Page 675 

individually or through a representative, see Groton-Dunstable Regional Sch. Comm. v. Groton-Dunstable Educators Ass'n, 87 Mass. App. Ct. 621, 622-624 (2015), here the CBA is silent as to ERA arbitration. However, the hearing officer found that once the union assumed the responsibility to represent the grievant, it was required to act in accordance with its duty of fair representation. Compare National Ass'n of Gov't Employees, supra. Further, the hearing officer found that once the duty was assumed, the union breached that duty by the untimely filing of the demand for arbitration.

 As neither party contests it, we assume without deciding that the union had a duty of fair representation under the circumstances of this case. We next consider the liability of the union's agents for their failure to timely demand arbitration consistent with the union's obligations under G. L. c. 150E. The MLRA, however, does not expressly state whether union officials and agents are liable for conduct undertaken on behalf of union members. Accordingly, we look to cases interpreting the cognate provision of Federal law. 

 In Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 245-249 (1962), overruled on other grounds by Boys Mkts., Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235 (1970), the United States Supreme Court held that a union's agents may not be held liable for actions taken on the union's behalf. That rule rests on the "view that only the union [should] be made to respond for union wrongs, and that the union members were not to be subject to levy." Atkinson, supra at 247-248. "This policy cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or tort, . . . for violation of a collective bargaining contract for which damages the union itself is liable." Id. at 249. Rather, "national labor policy" demands that "when a union is liable for damages for violation of [a collective bargaining agreement or tortious interference with contractual relations], its officers and members are not liable for these damages." Id.; see id. at 245. This rule has been extended to hold that Federal employees cannot maintain State malpractice or tort claims against lawyers who act as representatives of a union in the collective bargaining process. See Montplaisir v. Leighton, 875 F.2d 1, 6-7 (1st Cir. 1989) ("[A]ttorneys who perform services for and on behalf of a union may not be held liable in malpractice to individual grievants where the services the attorneys perform constitute a part of the collective bargaining process.

 Page 676 

 . . . [F]or purposes of [liability], they must be treated the same as other union agents" [citation omitted]). 

 We think the same principle applies here, that is, "the union as an entity, like a corporation, should in the absence of agreement be the sole source of recovery for injury inflicted by it." Atkinson, 370 U.S. at 249, quoting Lewis v. Benedict Coal Corp., 361 U.S. 459, 470 (1960). See Best v. Rome, 858 F. Supp. 271 (D. Mass. 1994), aff'd, 47 F.3d 1156 (1st Cir. 1995).

 In Best, the Federal District Court judge considered as an issue of first impression whether a union's agents are liable for conduct undertaken on behalf of the union, in the absence of a specific statutory provision or State court decision instructing otherwise. See Best, 858 F. Supp. at 275-276. In concluding that union agents are not so liable, the District Court judge determined that a rule that imposed liability "would interfere with the legislative goal of permitting unions wide latitude to act for the collective good of all employees." Id. at 275. Our Legislature is deemed to have been aware of the Federal scheme and the case law interpreting it when enacting both the MLRA, G. L. c. 150E, and the ERA, G. L. c. 71, § 42. Cf. Commonwealth v. Resende, 474 Mass. 455, 465-466 (2016). Moreover, we are not alone in our view that agents of a union are not liable for work undertaken on behalf of the union. [Note 9] See Weiner v. Beatty, 121 Nev. 243, 250 (2005) ("a majority of courts have concluded that a rule imposing personal liability on public-employee union agents would be inconsistent with the standard of conduct required of the union").

 Because the grievant's claims against union counsel are for actions they took as agents of the union, summary judgment was properly granted to union counsel. The grievant's exclusive remedy for a breach of the duty of fair representation by the union or its agents was the filing of prohibited practice charges with the department. [Note 10] See National Ass'n of Gov't Employees, 38 Mass.

 Page 677 

 App. Ct. at 613-614.

Judgment affirmed. 

FOOTNOTES
[Note 1] Christina C. Duddy. 

[Note 2] There was a dispute before the Department of Labor Relations as to whether the grievant was "dismissed" or "terminated." Resolution of this dispute is not material to the outcome of this appeal. As used here, we give the word "termination" its ordinary meaning, rather than treating it as a term of art. 

[Note 3] There was a dispute as to when union counsel was authorized to file the demand for arbitration. The union contended it was on April 23, 2015. The Department of Labor Relations' hearing officer found that it was in November of 2014. Resolution of this factual dispute is immaterial to our analysis and conclusions. 

[Note 4] The hearing officer specifically found that the union filed for arbitration under the ERA, not under the CBA. 

[Note 5] The hearing officer found that March 16, 2015, was the date that the grievant's extended leave of absence would have ended. The hearing officer determined that the grievant would not have returned to teach after this date, due to ongoing "debilitating stress." 

[Note 6] The grievant testified at her deposition and at the department hearing that she knew that union counsel were not her personal lawyers. 

[Note 7] The grievant contends that she sought legal advice from union counsel in the fall of 2014, during the thirty-day period to file an arbitration demand, the advice she sought was within union counsel's professional competence, counsel had represented her in a prior successful arbitration, and that union counsel expressly or impliedly agreed to provide and did provide advice and legal assistance. 

[Note 8] "The statutory scheme governing teacher dismissals set forth in G. L. c. 71, § 42, was enacted as part of the [Education] Reform Act, which brought broad-based changes to the funding and governance structure of the public education system in Massachusetts." School Comm. of Lexington v. Zagaeski, 469 Mass. 104, 112 (2014). General Laws c. 72, § 42, provides, in pertinent part, that "[a] teacher with professional teacher status may seek review of a dismissal decision within thirty days after receiving notice of [her] dismissal by filing a petition for arbitration with the commissioner." 

[Note 9] Here, although arbitration under the MLRA was not exclusively based on the CBA, the union nonetheless acted in its representative capacity in agreeing to represent the grievant, the arbitration arose out of the collective bargaining relationship with the public employer, and the outcome of the arbitration may have had an impact on the collective rights of the bargaining unit with respect to the issues decided. 

[Note 10] The Superior Court judge granted summary judgment on the basis that union counsel did not owe the grievant a duty of care because no attorney-client relationship existed. Our review is de novo, and "we may affirm 'on any ground apparent on the record.'" O'Connor v. Kadrmas, 96 Mass. App. Ct. 273, 289 (2019), quoting Gabbidon v. King, 414 Mass. 685, 686 (1993). Based on our disposition, we need not address the grievant's remaining claims. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.