NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

23-P-216                                           Appeals Court

TRACEY L. TAVARES & another[1]  vs.  TRIAL COURT OF THE
COMMONWEALTH & others.[2]

No. 23-P-216.

Suffolk.     November 2, 2023. – March 7, 2024.

Present:  Sacks, D'Angelo, & Hodgens, JJ.


Trial Court, Court officers.  Labor, Public employment.  Anti-
    Discrimination Law, Employment.  Employment,
    Discrimination.  Immunity from suit.  Agency, Liability of
    agent.  Practice, Civil, Interlocutory appeal, Dismissal of
    appeal.



    Civil action commenced in the Superior Court Department on
December 20, 2019.

    Motions to dismiss were heard by Catherine H. Ham, J.


    Stanley W. Wheatley for Dorianna Medeiros & Joann
DeLouchrey.
    Christopher C. Trundy for the plaintiffs.

_____

    [1] Corinne Senna.

    [2] Jeffrey P. Morrow; Daniel Simmons; John Frank, III;
Dorianna Medeiros; Joann DeLouchrey; Leanne Martel; Edward
Silva; National Association of Government Employees, Local 458;
and Richard Curt.

SACKS, J.   In this action brought under various provisions of G. L. c. 151B, § 4, plaintiffs Tracey L. Tavares and Corinne Senna, who are court officers employed at the New Bedford District Court, allege that their employer, their union, and several employees subjected them to discrimination, retaliation, and other unlawful employment practices because they are women of color who stood up for their statutory rights.  Two of the defendant employees, Dorianna Medeiros and Joann DeLouchrey, moved to dismiss the first amended complaint (complaint) against them, asserting among other things that they were acting at all times as agents of the union and accordingly were immune under O'Keeffe v. Dwyer & Duddy, P.C., 100 Mass. App. Ct. 671 (2022).  They alleged that the plaintiffs' "exclusive remedy would be a claim against the union under a theory of respondeat superior."  A Superior Court judge denied their motion "in part," and Medeiros and DeLouchrey now appeal, invoking the doctrine of present execution.

We conclude that the doctrine does not apply here, and therefore the appeal is not properly before us and must be dismissed for lack of jurisdiction.  We address no other issue regarding whether the complaint states a claim or whether the

protection of O'Keeffe could ever extend to G. L. c. 151B claims against agents of a union.[3]

Background.  The details of the plaintiffs' sixty-six page, 266-paragraph complaint need not detain us.  The factual allegations in the complaint are taken as true and all reasonable factual inferences are drawn in the plaintiffs' favor.  See Burbank Apartments Tenant Ass'n v. Kargman, 474 Mass. 107, 116 (2016).  For present purposes, it suffices to say that both Medeiros and DeLouchrey are alleged to be union representatives who took, or aided and abetted, various unlawful workplace actions against the plaintiffs.  Medeiros's and DeLouchrey's separate motions to dismiss sought to establish that the acts alleged against them in particular paragraphs of the complaint were taken in their capacity as agents of the union and therefore furnished no basis for holding them individually liable on any of the claims against them.

Medeiros's and DeLouchrey's motions, however, did not address all of the paragraphs making allegations against them. For example, Medeiros's motion did not address an unnumbered

---

[3] "A present execution appeal of one aspect of an order does not necessarily bring all other aspects of the same or related orders before the appellate court."  Abuzahra v. Cambridge, 101 Mass. App. Ct. 267, 271 n.4 (2022).  Thus, Medeiros's argument that counts XVII and XVIII of the complaint should have been dismissed on grounds other than immunity would not properly be before us in any event.

paragraph in the complaint's "prologue" alleging that she "allowed, aided, abetted and encouraged others to belittle and attack Tavares, and even expanded the collective assault to include Corinne Senna."  Nor did Medeiros's motion address the allegations against her in paragraph 38.  And neither Medeiros nor DeLouchrey addressed the allegations against them in paragraphs 64, 72, 83, or 113.

The judge's decision, dealing with the motions on their own terms, agreed that many of the paragraphs specifically addressed by the motions alleged actions taken by Medeiros or DeLouchrey as union agents, and the judge therefore "allowed" the motions as to those allegations.  The judge did not, however, strike those allegations from the complaint.[4]  The judge "denied" the motions as to the paragraph in the prologue and as to paragraphs 38, 64, 72, 83, and 113, none of which either motion had addressed.[5]  The judge also "denied" Medeiros's motion as to paragraph 45, which alleged that Medeiros had "promulgated [certain] knowingly false rumors in an effort to humiliate Tavares, create a more hostile environment and to support

---

[4] Those paragraphs contained allegations that, even if not a basis for establishing Medeiros's or DeLouchrey's individual liability, may contribute to establishing the liability of the union (vicarious or direct) and other defendants.

[5] Thus, even if we had jurisdiction, the arguments as to those paragraphs would have been waived on appeal.

Silva," another employee and a defendant here, "in retaliation."[6] The judge thus allowed the motions to dismiss "in part" and denied them "in part." She did not, however, dismiss any of the claims against Medeiros or DeLouchrey.

Medeiros and DeLouchrey appealed, asserting that they were entitled to immunity from suit and that the order denying their motions to dismiss was appealable under the doctrine of present execution.

Discussion. "Generally, a litigant is entitled to appellate review only of a final judgment, not of an interlocutory ruling, such as the denial of a motion [to dismiss]." Lynch v. Crawford, 483 Mass. 631, 634 (2019). "However, in narrowly limited circumstances, where an interlocutory order will interfere with rights in a way that cannot be remedied on appeal from a final judgment, and where the order is collateral to the underlying dispute in the case," as Medeiros and DeLourchrey claim here, "a party may obtain full appellate review of an interlocutory order under our doctrine of present execution" (quotations and citation omitted). Patel v.

---

[6] Medeiros now argues that this paragraph recognizes that her "alleged actions were undertaken, at least in part, to support union member Silva," and thus could not be the basis for individual liability. Medeiros did not make this argument to the judge, let alone explain why the other purposes alleged for her actions -- to cause humiliation and create a more hostile work environment -- could not in any event support her individual liability.

Martin, 481 Mass. 29, 32 (2018). See Lynch, supra. "[T]he denial of a motion to dismiss on immunity grounds is always collateral to the rights asserted in the underlying action because it 'is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated.'" Kent v. Commonwealth, 437 Mass. 312, 317 (2002), quoting Mitchell v. Forsyth, 472 U.S. 511, 527-529 (1985). "Where a party claims immunity from suit but does not prevail on a motion to dismiss or for summary judgment, the party cannot completely vindicate his or her rights on appeal from a final judgment because the party would already then have defended the case at trial -- exactly what immunity from suit was 'designed to prevent.'" Lynch, 483 Mass. at 634, quoting Patel, 481 Mass. at 33.

Under the doctrine of present execution, however, although an order denying immunity from suit is immediately appealable, an order denying immunity from liability is not. See Lynch, 483 Mass. at 634-635. We therefore consider whether the protection recognized in O'Keeffe, 100 Mass. App. Ct. at 675-676, is immunity from suit or merely protection from liability. The question is a close one, and our ability to resolve it has been hampered by the fact that the parties did not brief the issue. We raised it at oral argument, and Medeiros and DeLouchrey submitted a postargument letter addressing it.

The question in O'Keeffe was "whether union counsel, as an agent of the union, is liable for the union's breach of its duty of fair representation." O'Keeffe, 100 Mass. App. Ct. at 674. The court concluded that "agents of a union are not liable for work undertaken on behalf of the union," and that, in the circumstances presented, the plaintiff's "exclusive remedy for a breach of the duty of fair representation by the union or its agents" lay elsewhere.[7] O'Keeffe, supra at 676.

The O'Keeffe court relied on Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 245-249 (1962), overruled in part on other grounds, Boys Mkts., Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235 (1970). In Atkinson, the Court held that "a union's agents may not be held liable for actions taken on the union's behalf." O'Keeffe, 100 Mass. App. Ct. at 675. Atkinson turned on a provision of Federal labor law, 29 U.S.C. § 185(b), aimed at protecting union members from liability for certain damages judgments. See Atkinson, supra at 240-241, 247-248. The rule in Atkinson "rests on the 'view that only the union [should] be made to respond for union wrongs, and that the union members were not to be subject to levy.'" O'Keeffe, supra,

_____

[7] In O'Keeffe, the remedy was "the filing of prohibited practice charges" with the State Department of Labor Relations (DLR). O'Keeffe, supra at 676. In the present case, unsurprisingly, Medeiros and DeLouchrey have not argued that the plaintiffs should or could pursue their G. L. c. 151B damages claims at the DLR, nor has the union.

quoting Atkinson, supra at 247-248.  This important element of "national labor policy" may not "be evaded or truncated by the simple device of suing union agents or members, whether in contract or tort, . . . for violation of a collective bargaining contract for which damages the union itself is liable." Atkinson, supra at 249.  See O'Keeffe, supra.

The National Labor Relations Act does not apply to State employees.  See Best v. Rome, 858 F. Supp. 271, 275 & n.5 (D. Mass. 1994), aff'd, 47 F.3d 1156 (1st Cir. 1995) (per curiam). The Best court concluded, however, that a similar rule would apply under the Massachusetts public employee labor relations statute, G. L. c. 150E.  See Best, supra.  The O'Keeffe court, citing Best, reached the same conclusion.  See O'Keeffe, supra at 676.

We see nothing in Atkinson, Best, or O'Keeffe that suggests this rule goes beyond protection from liability to establish immunity from suit itself.  Neither Atkinson nor O'Keeffe mentioned immunity at all.  In Best, the defendants were described as arguing that they were "immune from suit," yet the court ruled only that they were "immune from liability."  Best, 858 F. Supp. at 274, 276.  To be sure, some courts have occasionally referred to the Atkinson rule as involving "immun[ity] to suit," but those same courts have simultaneously described it as creating "damages immunity."  Montplaisir v.

Leighton, 875 F.2d 1, 4 (1st Cir. 1989). See, e.g., Carino v. Stefan, 376 F.3d 156, 157 (3d Cir. 2004) (individual defendants were "immune from liability"); id. at 160 ("immunity from suit"); Arnold v. Air Midwest, Inc., 100 F.3d 857, 861 (10th Cir. 1996), citing Atkinson, supra at 249 ("Generally, a union's agents may not be held individually liable for actions taken on behalf of the union"); id. at 863 (holding individual defendant "immune from suit"). The case cited by Medeiros and DeLouchrey in their postargument letter, Peterson v. Kennedy, 771 F.2d 1244 (9th Cir. 1985), cert. denied, 475 U.S. 1122 (1986), refers to Atkinson as making union agents "[i]mmune [f]rom [p]ersonal [l]iability" for acts undertaken as union representatives, id. at 1256, while also stating that "individual damage claims may not be maintained" against such agents. Id. The parties have not cited, and our own research has not disclosed, any case in which a court has expressly considered whether Atkinson or any cognate State law rule involves immunity from suit as opposed to immunity from liability.

In other contexts, in order to distinguish between those two types of immunity, the Supreme Judicial Court has looked to the purpose of the statute creating the immunity. See Lynch, 483 Mass. at 635-637. Here, however, nothing in the Federal statute underlying Atkinson appeared to immunize union members from suit, as opposed to liability. See Atkinson, 370 U.S. at

248 (stating that statute was aimed at preventing money judgments against union members for their union activities). See also Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 415 (1981) ("Congress meant to exclude individual strikers from damages liability, whether or not they were authorized by their union to strike"). And our State statute, G.L. c. 150E, while embodying policy goals consistent with Atkinson, includes no language comparable to that relied on in Atkinson. See O'Keeffe, 100 Mass. App. Ct. at 676.

We recognize that, absent the Atkinson-O'Keeffe rule, "union agents' decisions might well be affected by a fear of incurring personal liability, and this fear would, in turn, restrict the union's ability to act on behalf of its members." Best, 858 F. Supp. at 275. The Atkinson-O'Keeffe rule protects against this result. See id. It also protects against "the use of private lawsuits against workers as a 'union-busting' device." Montplaisir, 875 F.2d at 4. These two purposes might be better served by treating Atkinson-O'Keeffe immunity as immunity from suit (rather than merely from liability), and thus by allowing immediate appeals from orders denying such immunity.[8]

---

[8] This is not to say that immunity from suit can always be established at an early stage of a case. See, e.g., Lynch, 483 Mass. at 636 n.6 (immunity from suit may turn on issues of fact that require trial); id. at 644 (affirming denial of defendant's motion for summary judgment asserting immunity from suit; issues of fact remained).

The same could be said, however, of many situations in which the law immunizes a defendant from liability in order to preserve that defendant's latitude to pursue some goal deemed socially desirable.  Because a lawsuit is burdensome to a defendant even where it does not result in liability, immunizing that defendant from suit itself would in almost any context do more to protect the defendant's freedom of action than would immunity from liability.  Yet the courts continue to recognize that not every immunity from liability equates to immunity from suit.  See Lynch, 483 Mass. at 637-638, discussing Marcus v. Newton, 462 Mass. 148, 152-153 (2012).  This factor is thus of little assistance in determining whether Atkinson-O'Keeffe immunity is immunity from suit.  Some stronger indication of legislative intent to create an immunity from suit is required.

"In determining whether to allow an appeal under the doctrine [of present execution, an appellate court] must balance 'the harm to cost-effective litigation arising from piecemeal interlocutory appeals against the harm that a litigant may suffer from a trial court order that is irremediable on postjudgment appeal.'"  CP 200 State, LLC v. CIEE, Inc., 488 Mass. 847, 849 (2022), quoting Patel, 481 Mass. at 37.  "The doctrine is intended to be invoked narrowly," because such piecemeal appeals may "delay the resolution of the trial court case, increase the over-all cost of the litigation, and burden

our appellate courts." Patel, 481 Mass. at 32. See Lynch, 483 Mass. at 634.

On balance, because the doctrine is to be narrowly interpreted, and because the limited argument offered by Medeiros and DeLouchrey has not persuaded us that Atkinson or O'Keeffe recognized an immunity from suit, we conclude that the appeal is not properly before us. See Commonwealth v. Delnegro, 91 Mass. App. Ct. 337, 340 (2017) (ordering interlocutory appeal dismissed where neither doctrine of present execution nor any court rule authorized appeal).[9]

Appeal dismissed.

---

[9] The plaintiffs' request for an award of appellate attorney's fees and costs under G. L. c. 151B, § 9, is denied without prejudice as premature. Such costs and fees are available only "[i]f the court finds for the petitioner[s]," id., whereas here we have merely dismissed an appeal from an order that, although favorable to the plaintiffs, did not award them any relief. The merits of their claims remain to be determined. Cf. Brown v. F.L. Roberts & Co., 452 Mass. 674, 688-689 (2008) (c. 151B plaintiff not yet entitled to fees where he successfully appealed from summary judgment for employer but on remand faced further proceedings on merits of his claims).